IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL W. JONES, JR., <br>     Plaintiff, <br> <br>     v. <br> <br> <br> BFI WASTE SERVICES OF <br> PENNSYLVANIA, LLC, doing business as <br> ALLIED WASTE SERVICES <br> OF PITTSBURGH, doing business as <br> REPUBLIC SERVICES <br> OF PITTSBURGH, <br>     Defendants. | Civil Action No. 13-0460 <br> United States Magistrate Judge <br> Cynthia Reed Eddy <br> <br> District Judge Option |

**ORDER GRANTING PLAINTIFF'S "MOTION
TO AMEND COMPLAINT TO ADD TWO COUNTS
UNDER 42 U.S.C. § 1981" (ECF NO. 28)**

    Plaintiff Samuel W. Jones, Jr. has filed a Motion to Amend Complaint to Add Two Counts Under 42 U.S.C. § 1981 (ECF No. 28). Pursuant to Fed. R. Civ. Proc. 15(a)(2), Plaintiff seeks to add a new theory of liability (but "grounded in the same" operative facts as set forth in his initial Complaint) in two counts premised on 42 U.S.C. §1981 – Count V, for "Racial Discrimination/Impairment of Contract," and Count VI, for "Racial Discrimination/Retaliation Impairment of Contract." After careful consideration of Plaintiff's motion to amend and the Brief in Opposition (ECF No. 30) by Defendants Browning Ferris Industries of Pennsylvania (d/b/a Allied Waste of Pittsburgh and Republic Services of Pittsburgh) and Republic Services, Inc., the Court will grant leave to amend.

    Federal Rule of Civil Procedure 15 "embodies a liberal approach to pleading." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006) (citing *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004), *cert. denied*, 544 U.S. 1018 (2005)); *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Subsection (a) allows a party to amend a pleading "once as a matter of

course" within 21 days after service, or within 21 days after service of a responsive pleading if one is required, or within "21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1)(A), (B). Fed.R.Civ.P. 15(a). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).

However, the "policy favoring liberal amendment of pleadings is not . . . unbounded." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486–87 (3d Cir. 1990). Factors which may weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Absent substantial or undue prejudice, denial "must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). Under Rule 15(a), "prejudice to the non-moving party is the touchstone for the denial of an amendment." C*ornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978).

Plaintiff's request to amend the complaint to add discrimination and retaliation claims under 42 U.S.C. § 1981 was made about six weeks after the Court's deadline for amending pleadings (August 5, 2013), in response to a June 24, 2013 decision by the United States Supreme Court, *Univ. Of Texas Southwestern Med. Ctr. v. Nassar*, --- U.S. ---, 133 S.Ct. 2517 (2013). There has not been excessive or *undue* delay in making that request,[1] nor have Defendants pointed to the sort of *undue* prejudice that might give this Court pause. Defendants

---

[1] The Court expresses no opinion, at this early stage of the case, as to the viability of the additional claims made pursuant to 42 U.S.C. § 1981. Obviously, Defendants may challenge these claims by appropriate motion.

2

offer only generic harms and prejudices, in vague terms, which they assert will befall them should the Court grant leave to amend. The Court perceives no prejudice to Defendants in permitting Plaintiff to add two counts to his Complaint, especially considering that the Court has entered an Order granting the parties' *Joint Motion* to Extend Time for Discovery (ECF No. 26) until January 6, 2014. As Plaintiff adds no new facts, only new theory, the extended discovery period is more than ample time to complete all discovery.

The "liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case." *Arthur*, 434 F.3d at 206 (citing *Foman*, 371 U.S. at 182; additional citation omitted). Finding no undue delay in making the request to amend or undue prejudice to defendants, the Motion to Amend Complaint (ECF No. 28) is HEREBY GRANTED.

Plaintiff shall file his Amended Complaint by October 10, 2013.

By the Court:

s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all counsel of record